## KELLY *a.* SEARING.

*Supreme Court, Brooklyn Special Term; February,* 1857.

FORECLOSURE.—REFERENCE ON FAILURE TO ANSWER.

In an action to foreclose a mortgage, when the defendant appears, but makes default in answering, and the plaintiff gives due notice of an application to the court for the relief demanded in the complaint, or for judgment, the court when so applied to may, instead of itself computing the amount due on the plaintiff's mortgage, refer it to the clerk, or to some other suitable person then in court, to make such computation.

Such reference may be immediately proceeded with, and report being made to the court, judgment may be rendered thereon. The court does not lose control of the main application, by such a reference.

Such a reference is not such a new or independent proceeding as to require to be on a new notice to the defendant (under *Code,* § 414).

Such a reference need not, under Rule 85, be executed in the county in which the action is triable.

The present and former rules of the Supreme Court relating to reference in foreclosure suits—reviewed.

Motion in two actions to set aside the judgments for irregularity.

*S. F. Clarkson*, for the motions.

*Close & Robertson*, opposed.

BIRDSEYE, J.—These actions were brought to foreclose mortgages. After the defendants were in default for not answering, the plaintiff's attorneys gave due notice to the attorney for the defendants, that an application would be made at special term, on the 15th of December, for the relief demanded in the complaints. On that day the attorneys for both parties attended: and the plaintiff's attorneys made application, according to their notice. The judge holding the court declined to make the computations of the amounts due preliminary to judgment, and made orders referring it to the clerk, who was then present in .court, to compute the amounts due to the plaintiff on his mortgages. The reference was immediately proceeded with; and the computations being made and reported to the court, judgment was applied for and granted. But the defendant's attorney, though notified that the computations would then be made and the judgments applied for, left the court and disregarded the further proceedings. He now moves to set aside the judgments on two grounds :—

1. That the orders of reference were not served, and notice of the hearing before the referee given.

2. That the references were executed in Kings county, the actions being triable in Westchester county.

It is obvious that in this case no actual injury can have happened to the defendants from the want of a full notice of hearing before the referee. The only loss they have sustained is that of the time which would have been required to serve the orders, the notice of hearing, and the notice of a new application for judgment. They had due notice of the time and place when the computation was to be made, and they attended to see that it was correctly made. So far as relates to the notice, it was immaterial whether the computation was made by the court or the clerk. If made by the court, judgment for the plaintiff would have been given immediately. But the judge seems to have thought that there was sufficient occupation for the court, and sufficient business that could be done only by the court, to warrant him in referring to his clerk such details as the

computation of interest, which the defendants, by failing to answer, had virtually admitted to be due. The reference was for the relief and convenience of the court, and for the greater dispatch of the business before it. It was merely to inform the conscience of the court upon a single point, which was necessary to a complete disposition of the application then pending before it. That the court availed itself of the assistance provided for it, in this particular, should not be held to have deprived it of the power then to dispose of the main application, to which the reference was a mere subsidiary, unless some wrong has been done, or some provision of law or of the rules of the court has been violated. It is not pretended that any error was made in ascertaining the amount due; that there was any payment which should have been, but was not credited; or that there was any surprise or misleading of the defendants. It is a mere struggle for the delay which the additional notices would have required.

Though it is undoubtedly true that a defendant who has appeared in the action is entitled to notice of all the proceedings in the action (*Code*, § 414), I am not prepared to hold that the reference in this case was such a new and independent " proceeding" in the action, as ousted the court of the power then to dispose of the main application, or required a new and distinct notice to the defendants. Rule 46 was intended to make the proceedings to foreclose mortgages summary, where the rights of the plaintiff are admitted either by the answer or the failure to answer. If any of the defendants are infants or absentees, special proceedings must be had, and of these notice should doubtless be given to all parties who have appeared. But in other cases, I think the court may, when applied to for judgment upon due notice to all the defendants, have the computation made by the clerk, without losing the control of the cause, or becoming deprived of the power then to complete the judgment. It is doubtless better to have these references conducted out of court, and upon due notice. That is the ordinary practice, and should in general be adhered to ; but there may be instances where the delay to follow that course may be à serious objection to it. In such cases, the court should possess the power to do what was done here. It would seem that the rules of the court were intended to confer that very power. It is, of

course, not intended to express any opinion as to what relief would be granted, upon a motion like the present, if the defendant has been in any manner misled or surprised, or deprived of any credit to which he was entitled on the computation, or of any other substantial right.

The other objection, that the references should have been executed in Westchester county, in which county these actions were triable, and not in Kings county, where the court was sitting, is clearly untenable. This conclusion naturally results from the determination arrived at on the other point. If the court has the power to devolve upon its clerk, or other suitable person, the duty of making this computation, in order to proceed at once to render judgment upon the main application, it cannot be required that the clerk or referee must go to another county, it may be at the extremity of the district, to perform this duty. If he must, the very object of the reference is defeated. Instead of expediting, it will delay the proceedings.

But there is another good reason for this view. The present Rule 46 of this court, under which the references in question were had, is in substance the same as Rule 91 of the equity rules of 1847, which was a substitute for Rule 134 of the chancery rules of 1844. By this rule, which became Rule 49 of 1850, and Rule 46 of 1852, and 1854, the references to compute in mortgage cases were sufficiently provided for. By subdivision 2 of section 107 of the Code, as originally enacted, the summons in actions other than those arising on contract for the recovery of money only, were required to contain a notice, that if the defendant should fail to answer the complaint, the plaintiff would apply to the Court " at a specified time and place (after the expiration of the time for answering)" for the relief demanded in the complaint. It was found, in practice, well-nigh impossible to specify the time and place at which, after the expiration of the time for answering, the plaintiff would apply for judgment. It was impossible to tell when the summons would be served, and, of course, when the time for answering would expire. Besides, that time might be enlarged, by order or consent. At the first revision of the Code, in April, 1849, this section was, therefore, amended by striking out the words above quoted, so that the application for judgment might be made at any time after default in answering, leaving the particular time

to be fixed by a notice. In consequence of this change, and to make the benefits to result from it as great as possible, Rule 917 of August, 1849, permitted the application for judgment to be made at any special term in the district embracing the county in which the action should be triable, or in an adjoining county. This rule provided that when a reference or writ of inquiry should be ordered, the same should be executed in the county in which the action should be triable. It is upon this provision of the rule (now Rule 86,) that the objection made by defendants is founded. But it seems to me that this provision of the rule is intended to reach cases not previously covered by the rules of the court, and to meet the necessities growing out of the change then recently made in the form of the summons. The reference to compute in a mortgage case, being previously well known to the rules and practice of the court, was, I think, not affected by Rule 91, of 1849 (Rule 86, of 1852, and 85, of 1854.) Notwithstanding such rule, the reference to compute may be had in any county where judgment may be applied for, and granted.

The motion to set aside the judgment is denied, with $10 costs.