PEOPLE ex rel. ROSENQUEST et al. v. DONNELLY, Supreme Court Justice.

(Supreme Court, Appellate Division, First Department.    June 18, 1915.)

1. JUDGMENT ⬅123—ACTION TO FORECLOSE MORTGAGE—DEFAULT JUDGMENT —STATUTES.

In an action to foreclose a mortgage on real property, where defendants were all served within the state, there being no infants or incompetents, and were all in default, and plaintiff served a notice of motion on all the defendants who appeared for judgment as demanded in the complaint, on which motion none of the defendants appeared and the application for judgment was not opposed, whereupon the court appointed a referee to compute the amount due, plaintiff, without further notice to the defendants who had appeared, was entitled to judgment of foreclosure and sale.  Neither Code Civ. Proc. §§ 1214, 1215, 1219, relating to application to the court for judgment by default, to the proceedings thereon, and prescribing when a defendant in default is entitled to notice, nor rule 60 of the General Rules of Practice, relating to reference on failure to answer on mortgage foreclosure, requires more than one notice of the application for judgment in case of default in an action to foreclose a mortgage.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 167, 211–221, 223–225; Dec. Dig. ⬅123.]

2. MANDAMUS ⬅4—JUDICIAL ACTION—ENTRY OF DEFAULT JUDGMENT.

Where the judge at Special Term erroneously refused to enter judgment by default without a notice of motion therefor, plaintiff's proper course was to have an order entered denying his application and to appeal therefrom, and not to apply to the Appellate Division for mandamus against the judge.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 9–21, 24–34; Dec. Dig. ⬅4.]

Action by the People, on the relation of Eugene H. Rosenquest and others, as executors, etc., against Thomas F. Donnelly, as Justice of the Supreme Court.    Original motion for a peremptory writ of mandamus, directed to the justice, to require him to enter a judgment by default in favor of the plaintiff.    Proceeding dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alfred B. Cruikshank, of New York City, for relators.

Frank L. Polk, Corp. Counsel, of New York City (Joel J. Squier, and George E. Draper, both of New York City, on the brief), for respondent.

INGRAHAM, P. J.   [1] This is an application to this court for a mandamus directed to a justice of the Supreme Court requiring him to grant and sign a judgment of foreclosure.    The action was to foreclose a mortgage on real property in the city of New York, and was commenced March 17, 1915.    Defendants were all served within this jurisdiction, there being no infants, incompetents, or absentees.    Three of the defendants appeared, but none of them answered, so all the defendants were in default.    Whereupon the plaintiff served a notice of motion on all the defendants who had appeared, returnable May 10, 1915, for judgment as demanded in the complaint.    On that motion

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

none of the defendants appeared, and the application for judgment was not opposed, whereupon the court appointed a referee to compute, and, the referee having reported the amount due upon the mortgage, the plaintiff then made application, without further notice, for judgment. This application was made at the Special Term of the Supreme Court at which the application for judgment was pending, presided over by the same justice who heard the original application and who had appointed the referee to compute. The court refused to enter this judgment without another notice of motion to the defendants who had appeared, and filed a memorandum opinion stating his grounds, whereupon the relators served a notice of motion on the justice of the Supreme Court presiding at Special Term for a mandamus requiring him to sign the proper judgment of foreclosure and sale. Notice of the application was also given to the defendants who had appeared in the action, but they did not appear in opposition to the motion. The corporation counsel, however, appeared for the justice who presided at the Special Term at which the application had been made, but did not raise any objection to the proceeding as not the proper one to raise the question; the proceeding having been apparently submitted to obtain a ruling as to whether another notice of application for judgment was necessary.

I think it was not. The defendants all being in default, and there being no infants, incompetents, or absentees, the plaintiff was entitled to the usual judgment of foreclosure and sale. He made a proper motion returnable at Special Term of the Supreme Court, asking for such judgment. There being no appearance in opposition to his application, plaintiff was entitled to have the usual judgment of foreclosure and sale entered. The amount due to the plaintiff appeared by the summons and complaint, to which there was no answer, and all that was necessary was a mere computation of the interest. This the court itself could have computed, or could have directed the clerk or a referee to compute. It was a mere formal computation, based upon the allegations of the complaint, which were admitted by the failure to answer. The application was for a final judgment, and to that no one appeared to object. After this computation, which was really a part of the application for judgment, we think that the plaintiff in the action was entitled to the usual decree of foreclosure as the granting of the original motion for judgment on default. The application for judgment was before the court. The parties had regular notice. The defendants all being in court, and there being no reason presented to the court why the judgment should not be granted, a further notice of motion would be an unmeaning and useless ceremony.

None of the cases cited present this question, nor do either sections 1214, 1215, and 1219 of the Code of Civil Procedure, or rule 60 of the General Rules of Practice, require more than one notice of the application for judgment in case of a default in an action for foreclosure of a mortgage. The defendants who appeared had a right to notice of motion for the application for judgment. They had such notice. No objection having been presented, plaintiff was entitled to the usual judgment in such an action. It was not an ex parte application for judg-

ment, but, the application for judgment being before the court at Special Term, Part I, as required. by the rules of this department, after the computation, that court having the application for judgment before it undetermined, and the amount due plaintiff having been ascertained, it was proper for that court to enter the appropriate judgment. We think, therefore, that the plaintiff was entitled to have the judgment entered.

[2] We think, however, that the proper practice for the relator was to have asked the justice presiding to make an order denying his application for judgment, and to have appealed from that order; and under the circumstances, as we are satisfied that the learned justice will, on this expression of our views, grant the proper judgment, we refrain from directing mandamus, and will simply dismiss the proceeding without costs.

Settle order on notice. All concur.