MARY DE GROOT, Plaintiff, *v*. MORWICK CONSTRUCTION Co., Defendant.

(Supreme Court, Kings Special Term for Motions, January, 1917.)

Foreclosure — of mortgages — judgment of — pleading — reference to compute amount due when unnecessary — Code Civ. Pro. §§ 1214, 1215, 1216.

> Where in an action to foreclose a mortgage there is no answer and there are no absent defendants the court itself under sections 1214, 1215 and 1216 of the Code of Civil Procedure may make the computation necessary to render the judgment without ordering a reference to compute the amount due.

MOTION for the appointment of a referee to compute amount due in foreclosure.

Davenport & Corner, for motion.

No opposition.

CROPSEY, J. There is no need of appointing a referee to compute in foreclosure actions, nor is there any provision of law that makes such an appointment obligatory. Section 1214 of the Code of Civil Procedure provides for the entry of judgment on default in appearance or pleading in a case where the clerk cannot enter judgment. This section provides that the application for judgment must be made to the court. Section 1215 provides that the court must thereupon render the judgment to which the plaintiff is entitled and may make any computation necessary to render the judgment, or it may direct a reference. Where the summons was not served personally within the state, the court must require proof of the cause of action to be made before it or a referee. Code Civ. Pro. § 1216. Rule 60 of the General Rules of Practice does not require the appointment of such a referee. If it did, it would be in conflict with the sections of the Code above cited. The power to make these general rules is found in section 94 of the Judiciary Law, which provides that the rules must not be inconsistent with the provisions of the Code.

I am mindful that several justices in this department have seemingly held that the appointment of such a referee is required. *Bachman* v. *Brobst,* N. Y. L. J. April 6, 1915; *Seaman* v. *Halfner,* Id. May 4, 1915, 523. See, also, *Kalty* v. *Blucher,* decided Mar. 29, 1915, Kings County Special Term, in which the application to dispense with such a reference was denied, although

the memorandum does not hold that such a reference is required. These decisions apparently give force to rule 60 of the General Rules of Practice, and the first two at least appear to disregard the provisions of sections 1214, 1215 and 1216 of the Code of Civil Procedure. For that reason I am constrained not to follow them. I find support for the conclusion I have reached, not only in the Code sections but also in the language of Presiding Justice Ingraham in *People ex rel Rosenquest* v. *Donnelly,* 168 App. Div. 500, where he said (p. 501): "The amount due to the plaintiff appeared by the summons and complaint, to which there was no answer, and all that was necessary was a mere computation of the interest. This the court itself could have computed, or could have directed the clerk or a referee to compute. It was a mere formal computation based upon the allegations of the complaint, which were admitted by the failure to answer."

Here there is no answer and no absentees, and the court therefore will compute the amount due without ordering a reference. The labor of making the computation, even if done by the court instead of being done by the clerk as it may be, is much less than that of signing the order of reference and then reviewing the report of the referee after he has computed the amount due. While the saving to the property owner or mortgagee is not much, the saving of time to the counsel and court is considerable.

Amount due computed and judgment of foreclosure signed.

Ordered accordingly.