TOWN OF MAMARONECK and VILLAGE OF PELHAM, Appellants, v. VILLAGE OF MAMARONECK and Others, Appellants, Impleaded with NEW YORK INTER-URBAN WATER COMPANY and Others, Respondents.— Motion to confirm referee's report, as modified granted. Present — Kelly, P. J., Jaycox, Young and Kapper, JJ.

TOWN OF MAMARONECK and VILLAGE OF PELHAM, Appellants, v. VILLAGE OF MAMARONECK and Others, Appellants, Impleaded with NEW YORK INTER-URBAN WATER COMPANY and Others, Respondents.— Motion to set aside report of referee denied. Present — Kelly, P. J., Jaycox, Young and Kapper, JJ.

JOHN W. AMES, Respondent, v. INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ.

EDWARD P. CARR, Respondent, v. OSWALD C. STACKHOUSE and Another, Defendants, Impleaded with FRANCES S. CARR, etc., Appellant.— Judgment in the judgment creditor's action unanimously affirmed, with costs. Judgment in the injunction action unanimously affirmed, without costs. We are satisfied that the finding of fact that defendant Frances S. Carr contributed no moneys toward the purchase of the property is justified by the evidence. This, therefore, disposes of the proposition that there was a moral obligation on the part of the defendant Stackhouse to convey to said defendant Carr. As to the question of actual intent to defraud, we are of opinion that a finding to the contrary of that made at the Special Term would be unwarranted by the proof. Present — Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ.

HARRY COHEN, Respondent, v. MORRIS SLEPNICK and FANNIE SLEPNICK, Appellants.— Judgment reversed on the law and the facts and new trial granted, costs to abide the event, on the ground that the conclusions of law are not sustained by the evidence. This court also reverses the findings of fact of the learned trial judge as being against the weight of the evidence. Upon a new trial, if it be found that the contract alleged in the complaint was in fact made, it would still be necessary for the plaintiff to show that he actually contributed the amount called for by the contract before any judgment could be entered in his favor for the delivery of a deed of one-half interest in the property. The record upon the present trial shows this was not done. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

HENRY A. ENGEL, Respondent, v. CUSHMAN'S SONS, INC., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Young and Kapper, JJ.

MARY G. ENGEL, Respondent, v. CUSHMAN'S SONS, INC., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Young and Kapper, JJ.

GRAZELDA GREAVES and Others, Appellants, v. JUSTINA HUSBAND, Respondent.— Judgment reversed upon the law and a new trial granted, with costs to abide the event. We think that under the facts shown this case fairly falls within that principle of equity which does not permit the Statute of Frauds* to be interposed as a bar where the relations of the parties are such that to do so would work a manifest fraud. We are also of opinion that plaintiffs are entitled to

---

* See Real Prop. Law, §§ 242, 259.— [REP.