ESTHER KIRSCHENBAUM, Plaintiff, *v.* NETTIE RUBIN, Defendant.

Supreme Court, Kings County, October 6, 1926.

**Mortgages — foreclosure — motion to vacate judgment because of defective notice — notice of application was defective in failing to state return date under Rules of Civil Practice, rule 190 — motion to vacate judgment denied since notice was unnecessary.**

A notice of application for a judgment in a mortgage foreclosure case, in which the defendant defaulted, is fatally defective under rule 190 of the Rules of Civil

Practice, where it omits to notify the defendant of the day of the month on which the application will be made.

But defendant's motion to vacate and set aside the judgment of foreclosure and sale, because of service of an improper notice, is denied, since, under the circumstances of this case, said notice was not necessary.

MOTION to vacate and set aside judgment of foreclosure and sale, because of improper service of notice of application for same.

*Maxmillian Bader*, for the plaintiff.

*Hyman E. Kamer*, for the defendant.

DIKE, J. The motion here made is for an order vacating and setting aside judgment of foreclosure and sale made on July 24, 1926, on the ground that notice of said application was not properly served upon the defendant or her attorney, etc. The error urged is as follows: That on July 19, 1926, the attorney for the defendant received through the mails a paper from the attorney for the plaintiff, purporting to be a notice of motion for judgment herein, which contained no return day of said motion, that part of the notice reading, " On the [blank] day of July, 1926, at 10 o'clock in the forenoon of that day," the omission being simply the day. Is this a material or an immaterial omission? There is considerable discussion between the attorneys as to telephone communication relative to this omission, so that a proper notice was subsequently mailed. Nettie Rubin, who is the sole defendant in this foreclosure proceeding, appeared *but defaulted* in pleading, and a referee was duly appointed to take proof of the facts and circumstances and to make a computation. Upon the defendant's default in pleading, the plaintiff became entitled to apply at Special Term for judgment on due notice to the defendant. (Rules of Civil Practice, rule 257; Civ. Prac. Act, § 489.) The statute, in relation to notice, is specific. The notice will definitely state the time and place of the hearing of the application for judgment. Rules of Civil Practice, rule 190 subd. 1; Carmody N. Y. Prac. § 64.) In view of these requirements the notice would seem to be fatally defective. Are there any considerations that would obviate the application of this properly accurate rule? The notice of motion, dated June 17, 1926, appears to have been duly served on defendant June nineteenth and the reply June twenty-eighth. This was, in form, for a referee to take proof of facts and report to the court. The reference, in this form and for this purpose, could be considered entirely unnecessary. The defendant was in default in pleading. The allegations of the complaint, therefore, must be considered as admitted, by reason of the said default. There were no complicated situations that might arise as regards the parties in this action. There were no

infant defendants and no absentees. The court itself could have made the computation or directed that such be done, and at that time could have directed judgment to be entered after such steps had been taken, without further notice to the defendant ( *Kelly* v. *Searing,* 4 Abb. Pr. 354; *People ex rel. Rosenquest* v. *Donnelly,* 168 App. Div. 500, 501, 502; *De Groot* v. *Morwick Const. Co.,* 98 Misc. 374.) I, therefore, under these circumstances and in relation to the alleged defective notice, shall disregard such notice, as unnecessary to consider, in view of the steps taken prior to the service of the notice. So far as the situation arises upon the record submitted to me, it nowhere appears that the defendant ever had any defense to this action. Motion is denied, with ten dollars costs.