JULIA AARONS, Plaintiff, *v.* HARRY ROSENBERG and Another, Defendants.

Supreme Court, Bronx County, July 22, 1930.

*Samuel Horowitz,* for the plaintiff.

*Arnstein & Levine,* for the defendants.

COHN, J. This is a judgment creditor's action brought to set aside the conveyance of real property. Plaintiff seeks an allowance of sixty-three dollars and thirty cents as part of her statutory costs pursuant to section 1512 of the Civil Practice Act. Such an action is not one " to compel the determination of a claim to real

property " within that section which authorizes the granting of statutory allowance in certain actions. (*Carr* v. *Stackhouse,* 119 Misc. 202; affd., 206 App. Div. 628.) Plaintiff's application is, therefore, denied.

The defendants object to an item of twenty-five dollars, taxed for searches pursuant to section 1518 of the Civil Practice Act. In support of this claim the plaintiff submits a typewritten receipted bill from a " Sefco Abstract Co." for twenty-five dollars for a search of the premises in question. This does not meet the requirements of the statute. Plaintiff is entitled to include in her bill of costs the expense of searches made by title insurance, abstract or searching companies, which shall be taxable at rates not exceeding the cost of similar official searches. There is no proof submitted that " Sefco Abstract Co." is a title insurance, abstract or searching company. Nor is there any proof that the amount claimed did not exceed the cost of similar official searches. (*Friedman* v. *Borchardt,* 161 App. Div. 672; app. dis., 214 N. Y. 711.) This item is, therefore, disallowed.

The defendants also object to the ten dollars costs taxed for examination of a witness before trial pursuant to paragraph h of subdivision 3 of section 1504 of the Civil Practice Act. The deposition of a witness was taken in the office of defendants' attorney, but it is asserted that to justify the taxing of these costs the statute says that the examination must have taken place in the court room of a court of record. I do not so interpret the statute. The language of paragraph h of subdivision 3 of section 1504 of the Civil Practice Act, reasonably interpreted, means that the deposition of a witness, or of a party, must have been taken in *an action pending in a court of record.* Such a conclusion is borne out by an examination of subdivision 3, section 3251 of the Code of Civil Procedure, which this portion of the Civil Practice Act has superseded and from which it is derived. This portion of the Code provided that costs would be allowed for taking the deposition of a witness or a party as prescribed in sections 870, 871 and 893 of the Code of Civil Procedure. By express language, the three latter sections of the Code embraced the taking of a deposition of a party or of a witness in *an action pending in a court of record.* This tax was proper and is, therefore, allowed.