PORT JERVIS REAL ESTATE AND LOAN ASSOCIATION, Plaintiff, *v.* SAMUEL GRECK and Another, Defendants.

County Court, Sullivan County, September 15, 1934.

*Alfred Marvin* [*John D. Lyons* and *Nellie Childs Smith* of counsel], for the plaintiff.

*Harry C. Resnick*, for the defendant Joseph Cohen.

COOKE, J. Defendant makes this motion asking, among other things, that the judgment of foreclosure and sale be set aside. He had interposed an answer herein, but on the return day of the motion to strike out said answer and for judgment, it was agreed that the same be withdrawn and that the property be sold in the inverse order of alienation. He claims he did not have notice of the hearing before the referee or of the taxation or retaxation of costs, and that the premises can be advantageously sold in two parcels instead of one. The property is advertised to be sold on September 19, 1934, and the sale will soon take place. There is no need of setting the judgment aside, causing unnecessary expense and further delay. Plaintiff's counsel agreed on the argument that the referee may offer for sale the premises in two parcels as requested by defendant. That was the only reason advanced by defendant on the argument

why his interests were prejudiced by his not having a notice of the hearing before the referee. (See *People ex rel. Rosenquest* v. *Donnelly*, 168 App. Div. 500, upon this question.)

The dispute over the bill of costs and disbursements may be determined now. The bill of costs was entered without defendant having had an opportunity to object to any of the items. He objects to the allowance of five per cent under subdivision 2 of section 1513 of the Civil Practice Act. It seems that this allowance is discretionary. (*Poughkeepsie Savings Bank* v. *Herron*, 256 N. Y. 339.) But discretion should not be arbitrary, fanciful or capricious. It should be based upon reason and good judgment. If this objection were made upon the taxation or retaxation of costs, where the answer is withdrawn without a trial, ordinarily it would seem that the allowance of five per cent would be out of balance and not consistent with the other allowances provided for by law. That has been the rule generally followed by this court. To allow over $300 under this subdivision 2 of section 1513 does not seem justifiable under the circumstances of this case when objection is made thereto. Of course, answers should not be interposed for the purpose of delay or when unnecessary. In such cases a motion can be made.

The item of five per cent is reduced to two and one-half per cent under section 1513 of the Civil Practice Act.

Under section 1505 of the Civil Practice Act plaintiff is entitled to ten dollars costs of the motion for the appointment of a referee and for judgment.

Plaintiff's attorney consented to omit the disbursement for a search. This seems proper under *Aarons* v. *Rosenberg* (138 Misc. 66). (See Civ. Prac. Act, § 1518, subd. 9.)

Order may be agreed upon or settled on notice.